# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOHN BURKHOLDER,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-01142-JSS-DCI**

**JOHN DOE 1 through JOHN DOE 10,**

**Defendants.**

---

## ORDER

This matter comes before the Court for consideration without oral argument on a "Motion for Early Discovery Under Federal Rule of Civil Procedure 26(d)(1)." Doc. 2 (the Motion). The Motion is due to be denied.

### I. BACKGROUND

On May 22, 2026, Plaintiff filed a complaint against John Doe 1 through Jone Doe 10 (collectively, Defendants), alleging violations of 47 U.S.C. § 227 (the Telephone Consumer Protection Act), 47 C.F.R. § 64.1200[1], Fla. Stat. § 501.059 (the Florida Telephone Solicitation Act), Fla. Stat. § 501.601[2] (the Florida Telemarketing Act), and "common-law intrusion upon seclusion/invasion of privacy . . . ." Doc. 1 at 1.

---

[1] The Eleventh Circuit has held that "[t]he [Telephone Consumer Protection Act] creates a private right of action for anyone who receives more than one call within a year from the same entity in violation of [do-not-call list] regulations, and plaintiffs can recover $500 in statutory damages for each violation." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019). The *Cordoba* court relied on both 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 in finding a private right of action for such claims.

[2] Plaintiff cites to Fla. Stat. § 501.601 in his complaint, though that statute simply provides, in its entirety, that "[t]his part may be cited as the 'Florida Telemarketing Act.'" A more appropriate cite

Plaintiff's claims arise out of "an unrelenting barrage of telemarketing calls and text messages to Plaintiff's telephone numbers." *Id.* According to the allegations in the Complaint, unknown individuals frequently call and text Plaintiff's two phone numbers[3] even though Plaintiff has listed his personal cell phone number on the National Do-Not-Call Registry and on Florida's Do-Not-Call list. *Id.* at 3. Plaintiff describes Defendants as "unknown individuals, entities, lead generators, dialer platforms, marketing vendors, or their principals who initiated, directed, made, or benefited from telemarketing calls and text messages to Plaintiff's telephone numbers." *Id.* at 3-4. Plaintiff adds that he "will amend this Complaint to name these Defendants specifically once their identities are ascertained through discovery, carrier subpoenas, and investigation." *Id.* at 4. The persistent phone calls and text messages are "highly disruptive to Plaintiff's private life and to his business communications and operations on his alternative mixed-use personal/business telephone, causing annoyance, harassment, loss of use and enjoyment of the telephones, and invasion of privacy and seclusion." *Id.* at 3. Plaintiff identifies no telephone number for any of the Defendants.

In the Early Discovery Motion, Plaintiff asserts that he "cannot identify the true parties responsible for the calls without access to telephone carrier records and related routing metadata maintained by Verizon Wireless and any intermediary carrier or VoIP provider identified through those records." Doc. 2 at 2. As such, Plaintiff seeks leave to conduct early discovery under Federal Rule of Civil Procedure 26 (*Id.* at 1) and authorization to serve a Federal Rule of Civil Procedure

---

is to Fla. Stat. § 501.625, which states that, "In addition to any other penalties or remedies provided under law, a person who is injured by a violation of the provisions of this part may bring a civil action for recovery of actual damages and/or punitive damages, including costs, court costs, and attorney's fees."

[3] Plaintiff alleges that he is "the regular user and subscriber of a personal telephone number (954) 999-8003" and the "regular user and subscriber of a mixed personal/business line cellular telephone number (407) 630-0122 used for routine daily communications." Doc. 1 at 3.

45 subpoena on Verizon Wireless "seeking records sufficient to identify the originating numbers, carriers, and account holders associated with the calls and texts made to Plaintiff's numbers[]" (*Id.* at 3). Plaintiff "further requests leave to serve follow-up subpoenas on any originating carrier, VoIP provider, or intermediary identified in Verizon Wireless's production." *Id.* at 3.

## II. STANDARD

Federal Rule of Civil Procedure 26 governs the scope of discovery. Rule 26(b)(1) provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Discovery "is defined by relevancy and proportionality." *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-01150-MMH-MCR, 2020 WL 13268120, at *1 (M.D. Fla. Nov. 19, 2020). "The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional." *Goodloe Marine, Inc. v. B.C. Towing, Inc.*, No. 8:20-cv-00679-JLB-T_W, at *1 (M.D. Fla. Sept. 10, 2021). "A court must limit the frequency and extent of discovery otherwise allowed by these rules or by local rule" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . or . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Discovery is generally barred until a Rule 26(f) conference takes place between the parties, but a court has discretion to allow for early discovery prior to the conference. Fed. R. Civ. P. 26(d)(1). Allowing early discovery is inappropriate unless the moving party can show good cause

for the discovery sought. *See*, *e.g.*, *Malibu Media, LLC v. Doe*, 2013 WL 1620366, at *1 (M.D. Fla. Apr. 15, 2013) (finding good cause and granting a party's motion for leave to serve a third party subpoena prior to a Rule 26(f)); *Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 2008 WL 542709, at *1-*2 (M.D. Fla. Apr. 4, 2008) (finding no good cause and denying a party's motion for leave to conduct limited discovery prior to a Rule 26(f) conference).

## III. DISCUSSION

Several issues result in a denial of the Motion.

First, Plaintiff failed to comply with Local Rule 3.01(b), which requires that "[a] motion must include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Motions lacking legal support are subject to denial. *See Endurance Am. Specialty Ins. Co. v. Joy Grocery, Inc.*, No. 6:15-cv-01906-GAP-DCI, 2017 WL 8790989, at *2 (M.D. Fla. Nov. 21, 2017) (denying a plaintiff's motion for default judgment for failure to include a legal memorandum); *Sideratos v. Gualtieri*, No. 8:23-cv-2986-SDM-AAS, 2025 WL 2997724, at *1 (M.D. Fla. Oct. 24, 2025) ("[Local Rule 3.01] is violated where 'motions…lack any legal support for the movant's arguments.' Failure to comply with Local Rule 3.01[b] is grounds for denial of a motion.") (quoting *Vega. V. Geico Gen. Ins. Co.*, No. 8:21-cv-1450-MSS-AAS, 2022 WL 1081565, at *2 (M.D. Fla. Apr. 11, 2022) (internal quotations omitted)). As such, the Motion is due to be denied on that basis alone.

Second, the request for discovery, on its face, violates Rule 26(b)(1) because it is neither relevant nor—to the extent some subset of the information requested is somewhat relevant—proportional to the needs of this case. As such, the Court must prohibit or otherwise limit the request pursuant to Rule 26(b)(2)(C). Specifically, Plaintiff requests detailed information related to ***every phone number*** that over a period of four years has called one of two telephones that

Plaintiff allegedly controls. On the other hand, Plaintiff identifies ***zero phone numbers*** that the Defendants allegedly used to make the calls at issue in this case.[4] Even if ***some*** phone numbers were used to call Plaintiff as alleged, he has not stated good cause to require Verizon to provide detailed information concerning ***every*** phone number that has called his telephones. Doing so would not be proportional to the needs of the case. And it is not as though Plaintiff is simply requesting toll information for his two telephone numbers, he is requesting incredibly detailed and technical information that he asserts will identify the true owner or caller for every single number that has called his two telephones over the past four years.

Third, not only is the information Plaintiff seeks granular and technical, there is no reason to believe that Verizon possesses it. Indeed, Plaintiff does not allege that his telephone numbers are Verizon numbers or that Verizon is his service provider. Nor does Plaintiff allege that any of Defendants' phone numbers are Verizon numbers. The Court is left to guess why Verizon is even the target of the discovery request. Nor does Plaintiff allege that Verizon has the capability to provide the kind of detailed information he seeks—Plaintiff includes requests for categories of information that this Court rarely sees in relation to a criminal case, let alone a civil case. *See* Doc. 2-1. Further, if the two telephone numbers that Plaintiff asserts are his own are—in fact—his own, then Plaintiff should easily be able to obtain his own toll records from his own service provider. Which leads to the other, cited provision of Rule 26(b)(2)(C). Discovery must be prohibited or limited "if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* Here,

---

[4] Plaintiff has filed a Declaration that includes an eight-page log of hundreds of phone numbers. *See* Docs. 7, 7-1. However, the Court will not consider this separately filed document in conjunction with the Motion, nor is that document somehow incorporated into the Complaint itself. Even if the Court did consider the call log, it does little to address the proportionality issue.

taking Plaintiff's allegations as true, it appears that much—if not all—of the information sought could be obtained by Plaintiff from his own service provider. *See* 18 U.S.C. § 2702(c).[5]

Fourth, it's worth noting that this situation is distinguishable from another common scenario in which a plaintiff seeks early discovery to learn the identity of a John Doe defendant: a copyright infringement case. In such a case, a plaintiff generally has identified the IP address belonging to a specific John Doe who allegedly engaged in infringing conduct by downloading a specific song or video. Since every IP address is tied to a specific Internet Service Provider (ISP) and likewise to a specific subscriber, a plaintiff's subpoena to a particular ISP to reveal the identity of the IP address's subscriber may identify the John Doe who downloaded the plaintiff's copyrighted work. *See Good Man Prods., Inc. v. Doe*, No. 3:15-cv-00223-MMH-PDB, 2015 WL 12844203, at *1 (M.D. Fla. April 15, 2015) (granting plaintiff's motion for leave to serve an ISP with early discovery in order to identify a John Doe with a specific IP address); *Malibu Media, LLC v. Doe*, No. 8:15-cv-02314-E_K-TBM, at *1 (M.D. Fla. Nov. 6, 2015) (granting plaintiff's motion to serve an ISP with a Rule 45 subpoena to "determine the name, address, telephone number, and e-mail address of the person to whom the ISP assigned" a specific IP address identified as having infringed on plaintiff's copyright); *and Strike 3 Holdings, LLC v. Doe*, No. 8:24-cv-1980-TPB-SPF, 2024 WL 4475594, at *2 (M.D. Fla. Sept. 13, 2024) (granting the same). But those cases request information for a single IP address alleged to be tied to identified instances of specific violative conduct, the discovery requests are served upon the service provider who actually controls that IP address, and the request is simply to identify the subscriber (who is the

---

[5] Further, the Court is loathe to allow a plaintiff to simply file a Telephone Consumer Protection Act case against Doe defendants and thereby to obtain through early discovery the customer records of any number they allege they own.

customer of the service provider). Here, the request involves every number that called two other numbers over four years, there are no specific allegations tied to any specific phone number, it is unclear whether Verizon controls any of the numbers at issue (the callers or the recipients of the calls), and the request is to provide granular and detailed information well in excess of subscriber information. What Plaintiff requests here is a far cry from the typical early discovery request in a John Doe copyright infringement case. And even in those copyright infringement cases, courts have declined to allow much more limited requests. *See Strike 3 Holdings, LLC v. Doe*, , 331 F.R.D. 14, 19 (E.D.N.Y. Mar. 21, 2019) (denying a plaintiff's motion for early discovery, partially because "[i]t is thus apparent that [plaintiff] is deliberately asserting claims in a scattershot fashion against a broad array of individuals simply because it is confident that many of them will be liable – even if almost as many of them are not.").

In sum, a court should not allow discovery "on the off-chance that [the discovery] may find some evidence of wrongdoing . . . ." *Liles v. Stuart Weitzman, LLC*, No. 0:09-cv-61448-JIC, 2010 WL 1839229, at *5 (S.D. Fla. May 6, 2010). Such discovery amounts to a fishing expedition, and "'[d]istrict courts need not condone the use of discovery to engage in "fishing expedition[s].""" *Id.* (quoting *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004)). Even if Verizon possessed the records Plaintiff seeks, the use of judicial resources to demand a customer's own records from a third party is inappropriate on this record – after all, if Plaintiff is a Verizon subscriber, he can simply request these records himself.[6] Demanding Verizon to perform the investigative work of sifting through four years' worth of phone calls and text messages in order to identify the callers that have bothered Plaintiff is far from "proportional to the needs of the case. . . ." Fed. R. Civ. P.

[6] In Verizon's own words, "[c]ustomers can access bill copies, calling records, or text detail records by visiting My Verizon." https://www.verizon.com/support/residential/account/manage-account/security/security-assist-team.

26(b)(1). Further, the Court finds that "the discovery sought is unreasonably cumulative" and that the information Plaintiff seeks "can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i). There is no good cause justifying Plaintiff's request. And the Federal Rules of Civil Procedure obligate this Court to limit the discovery sought here.

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED** that the Motion (Doc. 2) is **DENIED**.

Ordered in Orlando, Florida on October 21, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE